# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

    Debtors.

Case No. 3:16-bk-02230-PMG

Chapter 11 (Jointly Administered)

---

PREMIER EXHIBITIONS, INC.,

    Plaintiff,

v.

417 FIFTH AVE REAL ESTATE, LLC,

    Defendant.

Adv. Pro. No.

---

### ADVERSARY COMPLAINT FOR TURNOVER OF PROPERTY OF THE PLAINTIFF'S BANKRUPTCY ESTATE AND FOR RELATED RELIEF

Premier Exhibitions, Inc. ("Premier" or "Plaintiff"), by and through its undersigned attorneys, hereby alleges and complains against 417 Fifth Ave Real Estate, LLC ("Defendant"), as follows:

### NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 105 and 541 and 542 of title 11 of the United States Code (the "Bankruptcy Code") seeking turnover of property of the Plaintiff's bankruptcy estate.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). Venue of this case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

3.  Plaintiff is a debtor and debtor-in-possession in the above-captioned Chapter 11 Cases.

4.  Defendant is a limited liability company organized under the laws of Delaware with an address for purposes of service of in care of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006.

## BACKGROUND

5.  On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the Chapter 11 Case Summary.

6.  The Debtors continue to manage and operate its business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

7.  No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed.

## PLAINTIFF'S RELATIONSHIP WITH DEFENDANT

8.  On April 9, 2014, Plaintiff and Defendant entered into a commercial lease (the "Lease") of the premises located at 277 Park Avenue, 21st Floor, New York, New York (the "Leased Premises"). On November 14, 2014, Plaintiff and Defendant entered into the First Amendment Lease (the "First Amendment").

9.  On December 1, 2014, Plaintiff and Structure Tone, Inc. ("STI") entered into that certain Standard Form of Agreement between Owner and Construction Manager as Constructor AIA Document A134-2009 (the "Agreement"). Pursuant to the Agreement, STI would serve as the construction manager to convert a portion of the leased premises from shell space to exhibition space (the "Project") for Plaintiff to carry out its business. A true and correct copy of the Agreement is attached hereto as Exhibit A. The Defendant is not a party to that agreement.

10.  Pursuant to section 6(c) of the First Amendment of the Lease, Plaintiff was required to remit all monies payable to STI through Defendant. The Plaintiff made three (3) payments to Defendant in accordance with this provision.

11.  On November 21, 2014, Plaintiff paid $250,574 to Defendant for STI to fund the expected hard and soft construction costs of the Project. On November 26, 2014, Plaintiff paid the Defendant $3,141,408 that was to be remitted to STI. On May 5, 2016, $1,501,751 was paid by Plaintiff to Defendant that was required to be remitted to STI. On October 5, 2015, the Plaintiff received written notification from the Defendant requesting additional funds totaling $555,141.69 to fund the remaining construction costs associate with the Project.

12.  Plaintiff and Defendant agreed that Plaintiff would pay Defendant $300,000, with the agreement that the Defendant would pay this amount to STI.

3

13. Upon information and belief, on March 10, 2016, STI received a payment in the amount of $210,304 in partial payment of the outstanding balance from the Defendant.

14. On April 5, 2016, Plaintiff delivered check number 2662 in the amount of $300,000 to Defendant.

15. In total, Defendant has failed to deliver not less than $936,732 to STI to which it was legally and contractually obligated. This amount is calculated as follows:

| | |
|---|---:|
| Structure Tone Invoice 9/25/15 | 1,389,846 |
| MHP Request for Payment 10/5/2015 | (542,810) |
| Excess Funds Held by MHP | 847,036 |
| | |
| Payment to STI from Excess Funds held by MHP | (210,304) |
| Premier Payment to MHP 4/5/16 | 300,000 |
| | |
| Estimated Excess Cash Balance | 936,732 |

16. The funds that were paid by Plaintiff to Defendant and that Defendant has wrongfully retained in its possession are the Plaintiff's property.

17. The funds that remain in Defendant's possession are property of the Plaintiff's bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

18. The Defendant's failure to turnover funds to Plaintiff constitutes a breach of Defendant's duty to pay Plaintiff.

### COUNT I
### TURNOVER OF PROPERTY OF THE ESTATE

19. The allegations contained in paragraphs 1 through 18 above are incorporated herein by reference.

20. At the time Plaintiff delivered funds to the Defendant and until such time as the Defendant was to deliver those funds to STI, the funds remained the property of Plaintiff and are now property of Plaintiffs bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

21. Pursuant to section 542 of the Bankruptcy Code, any party in possession, custody or control of property of the Plaintiffs bankruptcy estate must turn over and deliver such property or the value thereof to Plaintiff.

22. Defendant is in possession of not less than $936,732, which funds are property of Plaintiff's bankruptcy estate pursuant to section 541 of the Bankruptcy Code.[1]

23. The monies owed by the Defendant to Plaintiff are of significant value and benefit to Plaintiff's bankruptcy estate and its creditors.

24. Accordingly, pursuant to section 542(a) of the Bankruptcy Code, Plaintiff is entitled to an order of the Court directing Defendant to immediately turnover to Plaintiff all monies due and owing it, including not less than $936,732 in funds that were delivered by Plaintiff beginning on November 21, 2014.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant as follows:

(a) Finding that (i) the monies owed to Plaintiff on account of the invoices are property of the Plaintiff's bankruptcy estate pursuant to section 541 of the Bankruptcy Code; and (ii) that Defendant must turnover said monies to Plaintiff pursuant to section 542 of the Bankruptcy Code; and

(b) Awarding Plaintiff such other legal or equitable relief as the Court deems just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By  */s/ Daniel F. Blanks*
Daniel F. Blanks (FL Bar No. 88957)
Lee D. Wedekind, III (FL Bar No. 670588)
50 N. Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3600 (phone)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

*Attorneys for Plaintiff Premier Exhibitions, Inc.*

~#4818-4099-4612 v.1~